# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LYNN PETERSON, | \* | |
| | \* | No. 21-1778V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed:  June 5, 2026 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Jubaile Abila</u>, Taylor Law Group Limited, Glendale, WI, for petitioner;
<u>Nina Ren</u>, U.S. Dep't of Justice, Washington, DC, for respondent.

## **<u>UNPUBLISHED DECISION DENYING COMPENSATION</u>** [1]

Lynn Peterson alleged that the Pneumococcal 13-Valent Conjugate ("Prevnar-13") vaccine she received on February 1, 2019 caused her to develop Guillain-Barre Syndrome.  Pet., filed Aug. 31, 2021.

On June 1, 2026, the parties filed a joint stipulation for dismissal, stating, "The parties hereby stipulate, pursuant to Vaccine Rule 21(b), that this action shall be dismissed."  J. Stip. ¶ 2.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## Procedural History

Ms. Peterson alleges that a Prevnar-13 vaccine caused her to suffer Guillain-Barré syndrome.  Pet., filed Aug. 31, 2021, at preamble.  She filed several medical records over the next few months.  The Secretary filed his Rule 4(c) Report on April 14, 2022, recommending that compensation be denied and arguing that Ms. Peterson had not met her burden under any of the Althen prongs.

The case moved on to the expert phase.  In total, Ms. Peterson filed three reports from Dr. Steinman.  Exhibits 7, 43, and 55.  The Secretary filed three reports from Dr. Whitton (Exhibits A, E, and F) and one report from Dr. Jamieson (Exhibit C).  Following the submission of Dr. Whitton's third report on January 24, 2024, Ms. Peterson declined to submit any additional reports.  Pet'r's Status Rep., filed Feb. 23, 2024.

Normally, the next step would be to advocate through briefs.  However, at this time, Gamboa-Avila was pending before the Federal Circuit.  Gamboa-Avila was also a Prevnar-GBS case, and involved the same experts (Dr. Steinman and Dr. Whitton) as Ms. Peterson's case.  Additionally, the undersigned had other Prevnar-GBS cases pending on his docket (one involving the same experts, and one involving different experts).  A status conference was held on July 1, 2024, to discuss the possibility of staying Ms. Peterson's case pending the resolution of these cases.  See Orders, issued June 13, 2024 and July 1, 2024.

The parties had differing views on whether to pause or continue litigating; Ms. Peterson wished to stay her case, whereas the Secretary wanted to continue litigation.  Pet'r's Status Rep., filed July 10, 2024; Resp't's Status Rep., filed July 24, 2024.  The case was stayed for six months.  Order, issued July 31, 2024.  Over the next approximately year and a half, the parties provided an update every six months, and as Gamboa-Avila had not yet been decided, the case remained stayed.

On February 11, 2026, the Secretary filed a status report to advise that the Federal Circuit had affirmed the denial of compensation in Gamboa-Avila. Gamboa-Avila v. Sec'y of Health & Hum. Servs., 166 F.4th 1318 (Fed. Cir. 2026). On March 13, 2026, the undersigned denied compensation in a Prevnar-GBS case involving Dr. Whitton and Dr. Steinman.  Romine v. Sec'y of Health & Hum. Servs., No. 19-468V, 2026 WL 937898 (Fed. Cl. Mar. 13, 2026).

In Ms. Peterson's case, an Order to Show Cause issued on May 6, 2026. The order noted that the undersigned had recently found that Dr. Steinman's opinion was not persuasive in the Romine case, and that this decision was not

2

subject to a motion for review.  The order also cited the Federal Circuit's determination in <u>Gamboa-Avila</u> that a special master's denial of compensation was not arbitrary.   Ms. Peterson was given the opportunity to explain why her case should continue to proceed.  Ms. Peterson was advised that, to end her case, she may file a motion to dismiss pursuant to Vaccine Rule 21.  Alternatively, Ms. Peterson could file a short status report identifying differences between her case and <u>Romine</u> that would suggest that the outcome would be different in her case. Ms. Peterson was given a deadline of June 3, 2026, to respond.  On June 1, 2026, Ms. Peterson filed a joint stipulation to dismiss her case.

## **Discussion**

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  <u>See</u> 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa-11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury."  Thus, petitioner is necessarily pursuing a causation-in-fact claim.  As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."  <u>Althen v. Sec'y of Health & Hum. Servs</u>., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  42 U.S.C. § 300aa–13(a)(1).  In this case, Ms. Peterson filed medical records and relies upon the opinion of Dr. Steinman.  Nevertheless, Ms. Peterson wishes to have her claim dismissed and judgment entered against her.  Given Ms. Peterson's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law."  For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim.  Petitioners bear a burden to show by a

3

preponderance of the evidence that the vaccination brought about their injury by providing:

> (1) a medical theory causally connecting the vaccination and the injury;
> (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
> (3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Special masters have resolved whether Prevnar-13 can cause Guillain-Barré syndrome differently. The Federal Circuit ruled that a special master's denial of compensation was not arbitrary. Gamboa-Avila v. Sec'y of Health & Hum. Servs., 166 F.4th 1318 (Fed. Cir. 2026).

The analysis in Romine appears to control the outcome for Ms. Peterson's case. For example, Dr. Steinman asserts a theory based upon phospholipids. See Exhibit 7 at 10-21. However, Romine found Dr. Steinman's opinion about phospholipids not persuasive.

For Ms. Peterson, Dr. Steinman also presented molecular mimicry based upon proteins and a Blast search. See Exhibit 7 at 21-31. As to Dr. Steinman's methodology, Romine found that Dr. Steinman's methodology was not reliable. The undersigned recognizes that for Ms. Peterson, Dr. Steinman points to contactin-1 as the tissue targeted by the cross-reacting antibodies. Romine, admittedly, did not address contactin-1 largely because Dr. Steinman asserted that he found a protein (P0) that fit better than contactin-1. But, the multiple deficiencies in Dr. Steinman's protein-based molecular mimicry theory did not depend upon the target tissue.

Romine also addressed some issues common in Prevnar-GBS cases. For instance, the decision considered epidemiological studies and determined that the evidence weighs against a finding that there is an association between pneumococcal vaccines and GBS.[2] Moreover, the decision explained that there appears to be no reports of a wild Streptococcus pneumoniae infection preceding GBS.

---

[2] The undersigned is aware of a study by Mayra Oliveira et al. analyzing VAERS reports regarding Prevnar-20.

Ms. Peterson was given the opportunity to explain how the evidence in her case might lead to a different outcome than Romine. However, Ms. Peterson has not presented any such argument, and instead filed a joint stipulation of dismissal. **Accordingly, this case is dismissed for insufficient evidence. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u><br>
Christian J. Moran<br>
Special Master